## CIRCUIT COURT OF FAIRFAX COUNTY

Dennis H. Liberson

v.

Capital One Financial Corp., et al.

March 22, 2004

Case No. (Chancery) 187227

BY JUDGE ARTHUR B. VIEREGG

This matter came before me on March 19, 2004, on Defendants Capital One Financial Corporation and Richard D. Fairbank's demurrer to Mr. Dennis H. Liberson's bill of complaint. After hearing argument, I overruled the demurrer as to the breach of contract and fraud counts, and I took the demurrer regarding the specific performance and equity jurisdiction issue under advisement. I am now prepared to give the parties my decision. It follows.

### I. *Facts*

Complainant, Dennis Liberson, was employed by Capital One Financial until July 1, 2003. Liberson served as Capital One's Executive Vice President of Human Resources and Corporate Real Estate. Defendant Richard Fairbank is Capital One's Chairman of the Board and CEO of the corporation. Liberson avers that Capital One faced several challenges during 2002 and 2003, including federal banking regulator investigations and a lawsuit alleging SEC violations, which led to an SEC investigation. Liberson maintains that the corporation requested that he remain employed with Capital One despite these problems. He asserts that he agreed to do so at least though the end of 2003.

Liberson alleges that in early 2003, Defendant Fairbank sought the resignation of certain senior management members who opposed his visions and goals for the corporation's future. Liberson and two other management employees were engaged in discussions regarding their departure at a time set by the corporation in return for a severance package. The three-member Compensation Committee for the corporation assumed responsibility for negotiating the severance packages pursuant to its charter. For a time, Mr. Liberson was asked to participate in the development of proposals for the severance packages. However, he was asked by Defendant Fairbank and President Nigel Morris to remove himself from those discussions because he, too, was being considered for a severance package. Liberson alleges that Fairbank informed him on April 6, 2003, that Liberson should not have been discussing the severance package proposals with the Committee for the other executives and himself and that Fairbank "would see that" Liberson would not receive severance benefits if he continued to provide input.

Liberson asserts that negotiations with the Compensation Committee regarding his severance package spanned from March to April of 2003. He alleges that on April 10, 2003, he received a call from Defendant Fairbank indicating that he wanted Liberson to announce his resignation and that the Compensation Committee would be contacting him with authority to make an offer of a severance package. Later the same day, two of the three members of the Compensation Committee contacted Liberson and allegedly made an offer with the knowledge and approval of the third committee member. Liberson maintains that he accepted that offer and announced his resignation that day, effective July 1, 2003. Liberson asserts that on May 15, 2003, the corporation denied the April 10, 2003, severance package and approved a new severance package with a lower value. Liberson refused to accept the second severance package maintaining that he had accepted the April 10, 2003, package and that was binding on the company. Capital One withdrew the May 15, 2003, severance package offer and refused to award Liberson the April 10, 2003, package. The instant litigation followed.

## II. *Specific Performance and Equity Jurisdiction*

Capital One and Fairbank argue that Liberson has failed to adequately plead both the alleged April 10, 2003, severance package with sufficient particularity warranting specific performance, and a lack of an adequate remedy at law. Liberson maintains that he is entitled to specific performance of the April 10, 2003, severance package, as well as damages for Capital One's non-delivery of the stock and stock options included in the severance package.

Whether specific performance of a contract is an appropriate remedy is a matter for the court's discretion. *Darling v. Cumming's Ex'r*, 92 Va. 521, 525, 23 S.E.. 880 (1896). "The contract must be distinctly proven, and its terms clearly ascertained." *Id*. Moreover, generally, a court of equity will not decree specific performance of a contract for the sale of stock in a corporation. *Kennerly v. Columbia Chemical Corp.*, 137 Va. 240, 245, 119 S.E. 265 (1923).[1] However, an exception to this general rule exists where the stock is not readily purchasable in the market or the stock's pecuniary value is not easily ascertainable or is uncertain. *Id*.

In his bill of complaint, Liberson alleges that the April 10, 2003, severance package was a "very specific proposal that included cash, stock options, restricted stock, benefits, and executive perquisites." Complaint, ¶ 26. I find that the bill of complaint is deficient on its face in failing to sufficiently and specifically plead facts demonstrating the nature and terms of the severance package. Further, to the extent that Mr. Liberson's case principally relies upon the specific conveyance of Capital One stock options and restricted stock, no other facts alleged suggest that Mr. Liberson does not have an adequate remedy at law. *See e.g. Kennerly*, 137 Va. at 245 (discussing the exceptions to the general rule).

## III. *Conclusion*

As I indicated from the bench during the discussion of Defendants' alleged possession of the more specific written terms of the severance package, the court is faced with deciding between overruling the demurrer and permitting discovery, or sustaining the demurrer and transferring this case to the law

---

[1] Mr. Liberson relies on *Steindler v. Virginia Public Service Co.*, 163 Va. 462, 175 S.E. 888 (1934), in support of the proposition that specific performance may be decreed compelling a corporation to transfer stock upon its books to the plaintiff. While the Virginia Supreme Court upheld the trial court's order requiring Virginia Public Service Co. to both transfer the stock and deliver certificates to the plaintiffs, little is said in the opinion indicating why the action was upheld. Therefore, this court finds the rationale articulated in *Kennerly v. Columbia Chemical Corp.*, 137 Va. 240, 245, 119 S.E. 265 (1923), more persuasive under the circumstances presented in this matter.

docket. I find that the latter alternative is the proper way to proceed at this time. Therefore, I must sustain Defendants' demurrer with respect to the specific performance relief sought by Mr. Liberson and order that this matter be transferred to the law docket with leave to re-transfer the matter to equity should the alleged severance package documents establish the appropriateness of specific performance and equitable jurisdiction. The order encompassing the findings set forth herein and my rulings from the bench on March 19, 2004, has been entered.